[Civ. No. 2922.   Fourth Dist.   Nov. 7, 1941.]

FRED W. WATKINS, Respondent, v. VINCENT L. ROTH, Appellant.

Jerome B. Kavanaugh, District Attorney, and Donald S. Gillespie, Deputy District Attorney, for Appellant.

Raymond E. Hodge for Respondent.

BARNARD, P. J.—This was a proceeding in mandate to compel the auditor of the county of San Bernardino to issue a warrant in payment for services performed by the petitioner in preparing a transcript used on a criminal appeal.

There is little or no dispute as to the facts. The petitioner has for many years acted as stenographic reporter in Department One of the Superior Court of San Bernardino County. In July, 1940, a case was tried in that department in which John Reed and John Thurman were charged with murder. The trial judge ordered a daily transcript and ordered five copies made so that three copies would be available in the event of an appeal. Because of the absence of the petitioner the testimony and proceedings in this case up to the time the jury went out were taken down by two reporters who regularly acted in other departments of this court and by another reporter who had been assisting from time to time in all three departments. The petitioner, having returned to duty, took down and reported the proceedings in connection with the pronouncing of judgment and also those relating to Thurman's motion for a new trial.

A jury returned a verdict of guilty as to both defendants with a recommendation of life imprisonment for Thurman and without recommendation as to Reed. There was an automatic appeal to the Supreme Court as to Reed. (See, *People* v. *Reed,* 17 Cal. (2d) 405 [110 Pac. (2d) 394].) The three extra copies of the daily transcript were used in making up the transcript on that appeal, together with a transcription of that portion of the proceedings which was reported by this petitioner, the three copies of the transcript thus compiled being forwarded to the Governor, the Attorney-General and the Supreme Court, respectively. All four reporters were paid for their respective services in connection with that transcript and no question in that connection is involved here.

A motion for a new trial was made on behalf of the defendant Thurman and denied after which he appealed to this court. This appeal was for good cause transferred to the Supreme Court and there decided (*People* v. *Thurman,* 17 Cal. (2d) 873 [110 Pac. (2d) 395]). A written application for a transcript to be used on that appeal was duly filed and on the same day the trial judge signed an order at the bottom thereof "Let a transcript be prepared as requested." A few minutes after signing this order the trial judge orally instructed this petitioner, who was his regular reporter, to prepare a transcript to be used on the Thurman appeal, telling him, in effect, to copy the main portions of the transcript in the Reed appeal since the testimony and proceedings in both matters were identical.

On the same day, this petitioner informed the other reporters above referred to that he had been so instructed by the trial judge and that he would prepare the transcript and copies to be used on the Thurman appeal. The other reporters talked the matter over and as one of them put it, "We agreed that Mr. Watkins was not entitled to prepare the extra copies in a matter in which he did not do the reporting, and we decided at that time (after consulting with another judge and with the district attorney) that we would go ahead and make the copies, which we did." Thereupon, the other reporters wrote up or copied the portions of the testimony and proceedings which they had respectively taken and filed these copies in the office of the clerk of the court, where they remained up to the time of the trial of this proceeding. Although that partial transcript was never completed, certified or used, those three reporters had their claims for compensation in connection therewith approved by another judge of that court and presented the same to the county auditor who issued warrants which were paid.

On the other hand, this petitioner completed the copies of the record as he had been ordered to do and filed what purported to be a complete transcript, which was presented and settled by the trial judge. The district attorney and the attorney for the defendant Thurman were present and offered no objections, amendments or suggestions. Thereupon, the district attorney and the defendant's attorney stipulated that the copies presented were a full, true and correct copy or transcript of the testimony and proceedings.

The trial judge then approved and certified the same and that transcript was filed in this court and became that part of the record on the Thurman appeal.

This petitioner's claim for compensation for thus preparing this transcript was approved and ordered paid by the trial judge. The petitioner presented his claim to the county auditor who refused to issue a warrant and that claim has not been paid. The petitioner then filed a petition for a writ of mandate commanding the auditor to audit and approve the claim and issue a warrant therefor. An answer was filed and after a trial a judgment was entered in favor of the petitioner which directed the issuance of a peremptory writ. From this judgment the auditor has appealed.

The appellant's sole contention is that the petitioner's claim is invalid since it is based upon an order which the trial judge had not the power or authority to make. He relies on those portions of section 7 of rule II of the Rules for the Supreme Court and District Courts of Appeal which provide that the court shall ''make an order directing the phonographic reporter who reported the case to transcribe such portions of his notes as in the opinion of the court may be necessary'' and that the reporter ''shall append to the original and to each copy an original affidavit that it is correct.'' The argument, briefly stated, is that it was intended by the provision of the rule first referred to to authorize the court to make an order directing the reporter or reporters who report a criminal case to transcribe such portion of their notes as the court considers necessary; that a reporter who has not taken a part of the testimony cannot swear to the correctness of such portions of the record, and thus cannot comply with the other quoted provision of this rule; and that it follows that a trial judge has no authority or power to order a reporter to copy and certify portions of a record not reported by him.

As this matter originally stood it would seem that the real difficulty was not so much a lack of authority on the part of the trial judge as the fact that a reporter would be unable to certify to the correctness of a report of proceedings which he had not reported. If nothing else had occurred it is rather difficult to see how the petitioner alone could have prepared an acceptable transcript. However, that is not the question now before us, and even if we assume that the trial

judge exceeded his authority in making the order in question that fact is not controlling here since both parties to that appeal stipulated that the transcript thus prepared was a full, true and correct copy of the testimony and proceedings in the case and it was thereupon approved and certified by the trial judge and filed and used upon that appeal.

The object of the rule upon which appellant relies is to secure a transcript which correctly sets forth the matters material to an appeal. When that object is attained the necessity for the rule ceases, and there could hardly be better proof of such a result than the stipulation of the parties to that effect. Regardless of any question relating to the validity of the order in question the object and purpose of the order were fully accomplished. It cannot be questioned that the trial judge had power and authority to accept the stipulation of the district attorney and the defendant's attorney that the proffered transcript did contain a full, true and correct statement of the testimony and proceedings in the case, and upon such stipulation to approve and certify the transcript. This was done and the transcript thus prepared, stipulated to and certified, was filed in this court and became that part of the record in the Thurman appeal.

In *White* v. *Hendley*, 35 Cal. App. 267 [169 Pac. 710], it was contended that there was no proper record on appeal because the court had not ordered the reporter to prepare the transcript as required by section 953a, Code Civ. Proc. The transcript had, however, been prepared by the reporter and certified by the judge and it was held that any failure to comply with the statute was cured by the subsequent certification. Similarly, it must be held that any possible error or insufficiency in connection with the order to prepare this transcript was cured by the subsequent stipulation of the interested parties and the certificate of the trial judge in accordance therewith.

The fact that other reporters have been paid for preparing portions of a similar transcript which was never completed, certified to or used, and whether or not they should have been so paid are questions with which we are not now concerned. Nothing here appears which would justify a setting aside of the order for the issuance of the writ.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.